T.C. Memo. 2016-167

UNITED STATES TAX COURT

RONALD W. WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2616-13.                    Filed September 12, 2016.

<u>Scott W. Gross</u>, for petitioner.

<u>Thomas Alan Friday</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  In a notice of deficiency dated November 6, 2012, respondent determined Federal income tax deficiencies and additions to tax as follows:[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
(continued...)

**[\*2]**

|  |  | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2006 | $32,853 | $7,391.93 | $8,213.25 | $1,554.75 |
| 2007 | 9,234 | 2,077.65 | 2,308.50 | 420.24 |
| 2008 | 8,096 | 1,821.60 | 1,740.64 | 260.16 |
| 2009 | 52,027 | 11,706.08 | 8,064.19 | 1,245.64 |

After concessions,[2] the issue for decision is whether petitioner's vow of poverty causes him to be exempt from liability for Federal income tax and self-employment taxes.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Florida at the time he timely filed his petition.

Petitioner has been a pastor for over 30 years. In 1983 petitioner established the World Evangelism Outreach Church (WEOC) in DeFuniak

---

[1](...continued)
Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The parties have agreed that the amounts of unreported income at issue are significantly lower than the amounts set forth in the statutory notice of deficiency, as discussed infra p. 4. In addition, the parties have agreed that if the Court finds that there is a deficiency, the additions to tax under secs. 6651(a)(1) and (2) and 6654 would be computational.

[*3] Springs, Florida. During the years at issue petitioner was the pastor of WEOC. As WEOC's pastor, petitioner ministered from the pulpit and at nursing homes, helped build churches on foreign soil, established a feeding program for children, and supported widows and orphanages.

In 2001 petitioner recommended to WEOC's board of advisers that WEOC be restructured to include a corporation sole as an office of the church. The board of advisers unanimously agreed with petitioner's recommendation, and on October 5, 2001, a domestic nonprofit corporation sole of WEOC registered as "The Office of Presiding Head Apostle, of Ronald Wayne White" was created in the State of Nevada. Although the corporation sole was registered as a Nevada entity, WEOC continued to operate in Florida.

On November 27, 2001, petitioner signed a document entitled "Vow of Poverty" detailing that he agreed to divest his property and future income to WEOC and in turn WEOC would provide for his physical, financial, and personal needs. By resolution, WEOC resolved in part that "[t]he church accepts * * * [petitioner's] declaration and * * * will provide all his needs as Apostle of this church ministry * * * [WEOC] shall pay his housing, all ministry expenses, and any other needs necessary for his care." WEOC established an apostolic bank account, and petitioner had "signatory authority over this account for his use."

**[*4]** Petitioner did not file a Federal income tax return for any of the years at issue, nor did he file a timely certificate of exemption from self-employment tax in accordance with section 1402(e). Respondent prepared a substitute for return for each year at issue and issued a notice of deficiency determining that petitioner had unreported income for payments various entities made directly to him or on his behalf.[3] Before trial the parties agreed that the only amounts of unreported income still at issue were $46,642, $18,430, $16,824, and $26,865 for 2006, 2007, 2008,

---

[3]The notice of deficiency determined that petitioner had unreported income from the following entities: LeShea Enterprises, LLC, an entity in which petitioner owned 5%; Majesty Communications, LLC, WEOC's religious television station; Ronald Wayne White, A Corporation Sole of WEOC; G & J Holding, a retirement trust in which petitioner is a trustee; and Gulf TV, LLC, an entity owned by petitioner and his mother. The record does not reflect whether entities other than Majesty Communications, LLC, and Ronald Wayne White, A Corporation Sole, were related to WEOC. The unreported income as set forth in the notice of deficiency is as follows:

| Entity | 2006 | 2007 | 2008 | 2009 |
|---|---|---|---|---|
| LeShea Enterprises, LLC | $7,961.80 | $7,132.23 | $3,123.47 | $7,354.11 |
| Majesty Communications, LLC | 54,975.27 | 26,186.69 | 26,291.29 | 23,863.00 |
| Ronald Wayne White, A Corporation Sole | 37,988.26 | 5,636.12 | 5,636.12 | 21,949.16 |
| G & J Holding | | | | 100,080.00 |
| Gulf TV, LLC | | | | 2,721.71 |
| Totals | 100,925.33 | 38,955.04 | 35,050.88 | 155,967.98 |

[*5] and 2009, respectively. The parties did not provide the Court with a breakdown detailing the source of the unreported income still at issue, but at trial and on brief the parties agreed that the unreported income still at issue represents payments that WEOC or entities related to WEOC made on petitioner's behalf. Petitioner does not dispute that WEOC or its related entities made those payments on his behalf for his personal expenditures. The only remaining issue is whether petitioner's vow of poverty insulates him from paying Federal income tax and self-employment tax on those amounts.

## OPINION

### I. Burden of Proof

Generally, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). When a case involves unreported income, the U.S. Court of Appeals for the Eleventh Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, has held that the Commissioner's determination of unreported income is entitled to a presumption of correctness only if the determination is supported by minimal evidentiary foundation linking the taxpayer to an income-producing activity. See Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir.

[*6] 1993), aff'g T.C. Memo. 1991-636. Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the presumption of correctness applies and the burden of production shifts to the taxpayer to rebut that presumption by establishing that the Commissioner's determination is arbitrary or erroneous. Id.

Petitioner does not dispute that WEOC or its related entities paid the amounts at issue on his behalf. Respondent has established the requisite minimal evidentiary foundation by linking petitioner and his activities as a pastor to the payments WEOC or its related entities made on his behalf. Therefore, petitioner has the burden of proof.

## II.    Gross Income and Vow of Poverty

Petitioner acknowledges that WEOC or its related entities made payments on his behalf for his personal expenses. Petitioner's primary contention is that his vow of poverty insulates him from being taxed on the compensation he received for his services to WEOC.

Section 61(a) defines gross income as "all income from whatever source derived", including compensation for services. This definition includes all accessions to wealth, clearly realized, and over which the taxpayers have complete dominion. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). A

**[\*7]** taxpayer has dominion and control when the taxpayer is free to use the funds at will. Rutkin v. United States, 343 U.S. 130, 137 (1952). The use of funds for personal purposes indicates dominion and control, even over an account titled in the name of a church or other religious organization. Cortes v. Commissioner, T.C. Memo. 2014-181, at \*8 (citing Gardner v. Commissioner, T.C. Memo. 2013-67, at \*13).

Petitioner acknowledges in his brief that this Court has dealt with factually similar cases in the past in Cortes v. Commissioner, T.C. Memo. 2014-181, Rogers v. Commissioner, T.C. Memo. 2013-177, and Gunkle v. Commissioner, T.C. Memo. 2012-305, aff'd, 753 F.3d 502 (5th Cir. 2014). This Court has previously held that a vow of poverty does not insulate a pastor from tax liability even when the pastor receives funds directly from his church in exchange for services rendered if the pastor does not remit those funds to the church in accordance with his vow of poverty, has control over the funds, and uses the funds for personal expenditures. See Cortes v. Commissioner, at \*8-\*10; Rogers v. Commissioner, at \*8-\*9; Gunkle v. Commissioner, at \*7-\*10.

Petitioner argues that the Court's decisions in Cortes, Rogers, and Gunkle contain flawed reasoning and do not directly address the issue at hand--that is, whether a pastor of a church who executes a vow of poverty to his church and

**[\*8]** receives payments for his well-being from that church is insulated from tax liability.  Petitioner asserts that many of the cases cited by this Court in reaching its conclusions in <u>Cortes</u>, <u>Rogers</u>, and <u>Gunkle</u> are inapplicable because they address situations where taxpayers earn money from a <u>third party</u> (not the religious order) and then assign that money to a religious order in accordance with their vows of poverty.  In such a situation, the U.S. Court of Appeals for the Eleventh Circuit has stated that payments or benefits received in exchange for services rendered by individuals not on behalf of a separate and distinct principal are taxable to the individuals.  <u>See</u> <u>Pollard v. Commissioner</u>, 786 F.2d 1063, 1065 (11th Cir. 1986), <u>aff'g</u> T.C. Memo. 1984-536.

Petitioner's argument, however, is misguided.  The Court has previously noted that cases in which a taxpayer receives money from a third party (a party other than the religious order) and <u>remits</u> that money to the religious order in accordance with his vow of poverty are factually distinguishable from cases in which a taxpayer executes a vow of poverty to a religious order and receives money directly from the religious order.  <u>See</u> <u>Cortes v. Commissioner</u>, at \*9; <u>Rogers v. Commissioner</u>, at \*8-\*9.

Petitioner did not receive a salary from a third party.  Petitioner provided services to WEOC and received compensation directly from WEOC in the form of

**[*9]** payments WEOC or its related entities made on his behalf. Petitioner asserts that because he received the money directly from WEOC or its related entities after he signed a vow of poverty, it is not taxable.

Petitioner appears to rely on the Internal Revenue Service's original official public pronouncement regarding the vow of poverty, O.D. 119, which was published in 1919. See O.D. 119, 1919-1 C.B. 82. In part, O.D. 119 stated: "A clergyman is not liable for any income tax on the amount received by him during the year from the parish of which he is in charge, provided that he turns over to the religious order of which he is a member, all the money received in excess of his actual living expenses, on account of the vow of poverty which he has taken." Again, petitioner's argument is misguided. Rev. Rul. 77-290, 1977-2 C.B. 26, supersedes O.D. 119. Rev. Rul. 77-290, supra, states that income earned by a member of a religious order on account of services performed directly for the order or for the church with which the order is affiliated and remitted back to the order in conformity with the member's vow of poverty is not includible in the member's gross income. As was the case with the taxpayers in Cortes and Rogers, the critical difference in this case is that petitioner did not remit income to WEOC pursuant to his vow of poverty. Petitioner had signatory authority over the WEOC apostolic bank account, and the payments WEOC made on his behalf served only

[*10] to benefit petitioner in meeting his living expenses. The compensation petitioner received from WEOC--in the form of payments WEOC or its related entities made on his behalf--must be included in his gross income.[4] See Pollard v. Commissioner, 783 F.2d at 1065-1066; Cortes v. Commissioner, at *9-*10; Rogers v. Commissioner, at *9-*10.

III.    Self-Employment Tax

Section 1401 imposes a tax on an individual's self-employment income, which is defined as the "net earnings from self-employment" derived by an individual during a taxable year.  Sec. 1402(b).  "Net earnings from self-employment" is the gross income derived by an individual from any trade or business carried on by that individual less than deductions attributable to that trade or business.  Sec. 1402(a).  Pursuant to section 1402(c)(4), a "duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry" is engaged in carrying on a trade or business unless the minister is exempt from self-

---

[4]As noted supra pp. 4-5, although the parties agreed that the unreported income still at issue represents payments that WEOC or its related entities made on petitioner's behalf, the parties did not provide the Court with a breakdown detailing the source of the income.  The source of the unreported income--whether it represents amounts WEOC or its related entities paid to petitioner or on his behalf or amounts that a third party (an entity other than WEOC or its related entities) paid to petitioner or on his behalf--would not affect the Court's holding in this case because petitioner did not remit the income back to WEOC pursuant to his vow of poverty.

[*11] employment tax pursuant to section 1402(e). Unless an exemption certificate is timely filed, the minister is liable for self-employment tax on income derived from the ministry.[5] Sec. 1402(e)(3). The time limitation imposed by section 1402(e)(3) is mandatory and is to be complied with strictly. Wingo v. Commissioner, 89 T.C. 922, 930 (1987); Rogers v. Commissioner, at *7. Petitioner did not file a timely application for exemption from self-employment tax for any of the years at issue. Petitioner therefore does not qualify for an exemption from self-employment tax.

The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.

---

[5]The operative document used to apply for this exemption is Form 4361, Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners.